Argued April 15; reversed June 9, 1942

COLLINS ET UX. *v.* COLLINS ET AL.

(126 P. (2d) 512)

Before KELLY, Chief Justice, and BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*C. G. Schneider*, of Portland, for appellant.
*David E. Lofgren*, of Portland, for respondents.

RAND, J. The plaintiff, Maurice A. Collins, was executor and is now trustee under the will of his deceased father, Patrick Collins, who died testate in Multnomah county, Oregon, on July 1, 1928, leaving an estate in said county of both real and personal property of the appraised value of $8,728.76.

The testator left surviving him as his sole heirs at law his widow, Anna Collins, who is still living and unmarried; his son, the plaintiff herein; his daughter, Margaret Melinda Palmquist; and two grandsons, the children of a deceased daughter.

Plaintiff was discharged as such executor on July 9, 1929, on which day he assumed the duties of trustee under the will and is still acting as such. He brought

this suit pursuant to the provisions of Title 9, chapter 8, O. C. L. A., praying that he be authorized and directed to sell and convey lot 16, block B, Cleveland Addition to Gresham, Multnomah county, Oregon, which is a part of the estate property, for the sum of $1800 and, from the proceeds thereof, to settle and pay in full the four legacies given by the testator to his four grandchildren, two of whom are the daughters of Margaret Melinda Palmquist.

Plaintiff named as defendants in the suit the widow, Anna Collins, testator's said daughter and said four grandchildren, all of whom, with the exception of the widow, failed to appear or answer. The widow appeared and answered the complaint. At the close of the trial, a decree was entered, authorizing the plaintiff to sell and convey said real property for the sum of $1800 and to apply all the proceeds thereof to the payment in full of the four legacies above referred to. From this decree, Anna Collins has appealed.

By his will, the testator disposed of his estate as follows:

"Second, I give and bequeath unto my beloved wife, Anna Collins, all my household furniture and effects and my Ford automobile.

"Third, I give, devise, and bequeath unto my said wife, Anna Collins, for her use and benefit during her lifetime, or until she remarries, the dwelling house situate on parts of lots 4 and 5 of Block 26 of Zenith Addition to Gresham, and at the time of her death or remarriage the same to become the property of my son, Maurice A. Collins, and my daughter, Margaret Melinda Palmquist, share and share alike.

"Fourth, I give and bequeath unto my son, Maurice A. Collins, as trustee, the sum of $2000.00 to be by him safely invested and cared for, and out of the interest and profits arising therefrom he shall pay the taxes on the said real property and the residue thereof to be

for the use and benefit of my said wife during her lifetime. At the death of my said wife the said fund shall be divided equally between my son, Maurice A. Collins, and my daughter, Margaret Melinda Palmquist.

"Fifth, I give and bequeath unto my grandsons, Harland Shultz and Collon Shultz, the sons of my deceased daughter, Leona Shultz, the sum of $1000.00 each. It is my desire that these sums shall be held in trust by my son, Maurice A. Collins, as trustee, until my said grandsons shall respectively attain their majority, provided, however, that the interest and profits arising therefrom, or the principal thereof may be used if necessary for the education of my said grandsons.

"Sixth, I give and bequeath unto my granddaughters, Juanita Palmquist and Hazel Marie Palmquist, the children of my daughter Margaret Melinda Palmquist, the sum of $500.00 each. It is my desire that these sums shall be held in trust by my son, Maurice A. Collins, as trustee, until my said granddaughters shall respectively attain their majority, provided, however, that the interest and profits arising therefrom or the principal thereof may be used if necessary for the education of my said granddaughters.

"Seventh, All the rest, residue and remainder of my property of whatever kind and nature, whether real, personal or mixed, I give, devise and bequeath unto my son, Maurice A. Collins, and my daughter, Margaret Melinda Palmquist, equally, share and share alike. * * *"

From these provisions, it will be seen that the form of the trust in favor of the testator's widow is different from the form of the two trusts which the testator intended to create in favor of his four grandchildren. The form of the trust in favor of the testator's widow is a trust of the specific sum of $2,000, which was to be safely invested and cared for by the trustee and to be held upon trust for the widow for life with remainder for testator's son and daughter equally, while the trusts

conveyed to the grandchildren were intended as absolute gifts and were to be held upon trust for the benefit of the grandchildren as a part of the property of his estate, without any remainder over to any person whatsoever and without any investment by the trustee in securities other than those belonging to the estate. From the order in which the trusts created by the will are provided for and because of their difference in form, and also because there was a valuable consideration for the trust in favor of testator's widow, namely: her release of her dower and homestead rights in the real property of the testator, which was a valuable consideration, and there being no consideration for the gift of the legacies to the grandchildren other than natural affection, it seems obvious that the testator intended that the establishment of a trust in favor of his widow was to be a first charge against the property of his estate.

It appears from plaintiff's complaint that at the time of testator's death there was a note for $2,000 secured by a mortgage on lot 16, block B, Cleveland Addition to Gresham, which was executed on December 3, 1922, by some party or parties whose name or names are not disclosed by the record, upon which the interest had been paid but no payment on the principal had been made. It further appears from said complaint that said mortgagor or mortgagors failed to pay any of the taxes levied and assessed against said mortgaged property for the years 1930, 1931 and 1932, and that, said taxes became delinquent. It also appears from the complaint that said mortgagor or mortgagors failed to pay any interest on said note and mortgage subsequent to the first day of June, 1931, and that they became insolvent and that, on account thereof, the plaintiff was obliged to and did cancel and discharge the mortgage

of record and the debt secured thereby and, in lieu thereof, accepted a deed of conveyance of the mortgaged property. The record does not disclose the date when that transaction occurred. It is this identical property which the plaintiff has sold or now seeks to sell for the sum of $1800, in order to apply the proceeds thereof in payment of the legacies given by the testator to his grandchildren.

It is also alleged in the complaint that, prior to the conveyance of this property in satisfaction of the mortgaged debt, the plaintiff appropriated this particular note and mortgage for the purpose of establishing a trust in favor of the testator's widow and as a compliance upon his part with the directions contained in the will. This alleged appropriation of said note and mortgage, if made as contended, has never received the sanction of any court nor was it ever consented to by the testator's widow, nor was any notice ever given to her until the commencement of this suit that such an appropriation had been or was contemplated to have been made. Had such an appropriation been made, the trustee would be bound to retain the title to the mortgaged property in trust for the widow. It seems clear that, if the testator had intended that any note or mortgage, or any of his property, should be appropriated by the trustee as the corpus of the $2,000 trust fund, in lieu of other securities in which that sum of money was to be invested, he would have so stated in his will. By petitioning at this time for the sale of the property so mortgaged, it appears that, if such appropriation was made, the trustee is now seeking to depart therefrom and that the property is no longer to be held upon trust for the widow.

██ It is well settled that a trustee under a trust created by a will must obey the lawful directions of the

will and has no power to modify those directions without the consent of all the beneficiaries named in the will, and that a trustee who ventures, without the sanction of the court, to deviate from the letter of his trust, does so at his peril. See Underhill's Law of Trusts and Trustees, 7 ed., p. 214.

■ Because of these facts, we are of the opinion that the plaintiff has breached his trust and should be compelled to account to the widow of the testator for the damages resulting therefrom.

We are unable to determine from the record before us whether said mortgaged property has been sold and conveyed and plaintiff is now seeking to have the sale approved, or whether he is asking authority to make the sale in the future. In any event, if said sale has been made or is to be made, there is nothing remaining of the estate property which has not already been sold and disposed of according to the allegations of plaintiff's complaint except a four-acre tract of land located on Roberts Avenue in the city of Portland, and there is nothing in the record to show the present value of said tract of land except an allegation in the complaint that it is now renting for $18 per month.

It appears from the complaint and the exhibits attached thereto that, since the filing of his final account in the probate court, the trustee has received the sum of $4,595.56 in money, and that, with the exception of the sum of $268.78, paid for taxes on the dwelling house, and $584.29, paid directly to the widow, said sum has been expended in the payment of numerous items for which, under the will, testator's widow is not liable. Among these items are attorney's fees, fees charged by the trustee, taxes on other property belonging to the estate, and a considerable sum for the repair and

upkeep of the dwelling house as well as the payment in part of the legacies to the four grandchildren.

■■ Some argument has been presented that payment for the repair and upkeep of the dwelling house is properly chargeable against testator's widow upon the theory that she is a life tenant in the dwelling house. Whether such expenditures are properly chargeable against the widow depends upon the intention of the testator as expressed in his will and not by the rule ordinarily applied to a life tenant. Moreover, it must be remembered that it was to the pecuniary advantage of the trustee, as one of the remaindermen in whom the title to the dwelling house is to vest upon the death or remarriage of testator's widow, to make such expenditures and to keep said property in the best of repair. That it was the intention of the testator that the entire income from the trust fund which the trustee was directed to establish and maintain for the benefit of testator's widow was to be applied in payment of the taxes on the dwelling house and that the balance should be paid over to the widow for her maintenance and support and that no other use of the income should be made except for those two purposes seems clearly established by the language contained in the will. To construe the will otherwise would be to permit the remainderman to expend the entire income of the trust fund for the upkeep and maintenance of the property which, upon the widow's death or remarriage, is to vest in part in him as one of the two residuary devisees named in the will.

■■ It is, of course, impossible at this time to determine what income would have been received by the trustee had he complied with the directions contained in the will, by establishing and maintaining the trust fund, as he was required to do under the will. Having

breached the trust, in failing to establish and maintain a trust fund, we think the only criterion which can be applied to determine what income he would have received from the trust fund is the legal rate of interest of six per cent per annum on $2,000, the amount of the fund which he failed to establish and maintain. When a party is in default in the payment of a money obligation, or, in failing to perform a duty which, upon default, results in an obligation to pay a specific sum of money and no rate of interest is prescribed by the contract or agreement of the parties, the amount due bears interest at the rate of six per cent per annum. This is a provision of our statute and we know of no rule of law which will permit a court, under circumstances such as the above, to impose a different rate. The executor as stated, was discharged as such upon the filing of his final account on July 9, 1929. This suit was brought on July 6, 1939. For this ten-year period, interest on said sum of $2,000 at the rate of six per cent per annum would amount to the sum of $1,200. Deducting therefrom the sum of $853.07, which has been properly paid out by the trustee, Anna Collins, the widow of the testator, is entitled to a judgment against the plaintiff for the sum of $346.93.

We also hold that, unless and until the plaintiff shall comply with the directions contained in the will and establish a trust fund of $2,000, as therein directed, by investing that sum in good marketable securities suitable for the investment of trust funds and thereafter shall apply the income received therefrom in accordance with the directions contained in the will, he shall be required to pay to the testator's widow for the remainder of her life interest on the sum of $2,000 at the rate of six per cent per annum from and after July 6, 1939, less such sum or sums as shall be applied

by him in the payment of the taxes regularly assessed and levied against said dwelling house, and that, upon his failure to make said payments, or any part thereof as the same falls due, she is entitled in a proper action brought by her against the plaintiff to recover all said sums not so paid.

For these reasons, the decree of the lower court will be reversed and the cause will be remanded with directions to enter a judgment in favor of Anna Collins and against the plaintiff for the sum of $346.93, together with costs and disbursements in this and the lower court, and it is so ordered.